IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BRITTNEY ANN BRADLEY                                                                                    PLAINTIFF

vs.                                              Civil No. 6:12-cv-06136

CAROLYN W. COLVIN                                                                                        DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Brittney Ann Bradley ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a Supplemental Security Income ("SSI") under Title XVI of the Act. The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed her disability application on July 26, 2010. (Tr. 9). Plaintiff alleges being disabled due to mental retardation, seizures, ADHD, epilepsy, and a speech and language delay. (Tr. 120). Plaintiff alleges an onset date of August 20, 1996. (Tr. 9, 110). This application was denied initially and again upon reconsideration. (Tr. 58-59). Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing request was granted. (Tr.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

75-82).

This hearing was held on September 22, 2011 in Little Rock, Arkansas. (Tr. 26-57). Plaintiff was present at this hearing and was represented by Don Pullen. *Id.* Plaintiff and Vocational Expert ("VE") Mack Welch testified at this hearing. *Id.* During this administrative hearing, Plaintiff testified she was nineteen (19) years old. (Tr. 30). Such an individual is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008). Plaintiff also testified she had graduated from high school. (Tr. 30-31).

On December 30, 2011, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 6-21). In this decision, the ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 26, 2010, her application date. (Tr. 11, Finding 1). The ALJ determined Plaintiff had the following severe impairments: epilepsy, speech language delay, mild mental retardation, sexual abuse of a child-victim, depressive order (not otherwise specified), and ADHD. (Tr. 11, Finding 2). The ALJ also determined, however, that Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 11-14, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 14-20, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaint sand found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: she should not work around hazards like heights, machinery, firearms, or motor vehicles; she is limited to unskilled work, where interpersonal contact is incidental to the work

> performed, the complexity [of] tasks is learned and performed by rote, involves few variables, requires little independent judgment, and the supervision required is simple, direct, and concrete; and she should not work where excellent speech is required.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff had no PRW. (Tr. 20, Finding 5). The ALJ then considered whether Plaintiff would be able to perform other work existing in significant numbers in the national economy. (Tr. 20-21, Finding 9). The VE testified at the administrative hearing regarding this issue. *Id.* Considering a hypothetical individual with Plaintiff's RFC, age, work experience, and other limitations, the VE testified that person could perform the requirements of representative occupations such as a motel maid (light, unskilled) with approximately 5,000 such jobs in Arkansas, 75,000 such jobs in the region, and 400,000 such jobs in the nation; and kitchen helper or dishwasher (medium, unskilled) with approximately 4,000 such jobs in Arkansas, 85,000 such jobs in the region, and 400,000 such jobs in the nation. (Tr. 21). Based upon this testimony, the ALJ determined Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy, and Plaintiff had not been under a disability as defined in the Act from July 26, 2010 (application date) through December 30, 2011 (decision date). (Tr. 21, Finding 10).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 1). The Appeals Council denied this request for review on November 6, 2012. (Tr. 1-3). On December 17, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on January 15, 2013. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 10-11. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record and should be reversed and remanded. ECF No. 10 at 1-21. Specifically, Plaintiff claims (1) the ALJ erred in failing to fully evaluate the severity of her mental impairments and (2) the ALJ erred in his credibility assessment. *Id.* The Court has considered Plaintiff's arguments and agrees with her first claim. Because the ALJ erred by failing to fully evaluate her Global Assessment of Functioning ("GAF") scores of 38 and 40, this Court finds Plaintiff's case must be reversed and remanded.

In social security cases, it is important for an ALJ to evaluate a claimant's GAF score or scores in determining whether that claimant is disabled due to a mental impairment. GAF scores

range from 0 to 100.  Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000).  The Eighth Circuit has repeatedly held GAF scores must be carefully evaluated when determining a claimant's RFC.  *See, e.g., Conklin v. Astrue,* 360 F. App'x. 704, 707 (8th Cir. 2010) (reversing and remanding an ALJ's disability determination in part because the ALJ failed to consider the claimant's GAF scores of 35 and 40); *Pates-Fires v. Astrue,* 564 F.3d 935, 944-45 (8th Cir. 2009) (holding that the ALJ's RFC finding was not supported by substantial evidence in the record as a whole, in part due to the ALJ's failure to discuss or consider numerous GAF scores below 50).

Indeed, a GAF score at or below 40 should be carefully considered because such a low score reflects "a major impairment in several areas such as work, family relations, judgment, or mood." *Conklin,* 360 F. App'x at 707 n.2 (*quoting* Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000)).  A GAF score of 40 to 50 also indicates a claimant suffers from severe symptoms.  Specifically, a person with that GAF score suffers from "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000).

In the present action, Plaintiff was treated at Community Counseling in 2009 and 2010.  (Tr. 217, 220, 224, 230, 232, 339, and 416).  During that time, Plaintiff was assessed as having the following GAF scores:

- July 19, 2009         GAF of 40     (Tr. 217)
- September 25, 2009    GAF of 40     (Tr. 220)
- December 1, 2009      GAF of 40     (Tr. 224)

- April 23, 2010      GAF of 40     (Tr. 230)

- May 24, 2010      GAF of 38     (Tr. 232, 339)

- September 8, 2010     GAF of 38     (Tr. 416)

Even though Plaintiff was assessed as having these low scores during 2009 and 2010, the ALJ briefly referenced but did not fully consider these scores in his opinion. (Tr. 6-21). This was reversible error. *See, e.g., Conklin,* 360 F. App'x. at 707. Accordingly, because the ALJ was required to evaluate these scores and provide reasons for discounting them but did not do so, Plaintiff's case must be reversed and remanded for further development of the record on this issue. *See Pates-Fires,* 564 F.3d at 944-45.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, must be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 10th day of January 2014.**

                                 /s/ Barry A. Bryant
                                    HON. BARRY A. BRYANT
                                    U.S. MAGISTRATE JUDGE.